GARY M. RESTAINO
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States America, | 22-CR-01419-JAS-2 |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Elisiva Vake Anau, | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is scheduled for January 24, 2024, before the Honorable U.S. District Court Judge James A. Soto. The United States agrees with the calculations contained in the Presentence Report ("PSR", Doc. 61) and concurs with the recommended sentence.

The presentence report ("PSR") accurately calculates the defendant's offense level at 12, accounting for an enhancement pursuant to USSG §2K2.1(b)(1)(B) (number of firearms). (PSR ¶¶ 17-18). The PSR calculation further includes a two-level downward adjustment for acceptance of responsibility. (PSR �ℙ 35). The defendant falls into criminal history category I, and her resulting guideline range is 10-16. (PSR p.15). The PSR recommends a sentence of 10 months on each count, to run concurrently. The government agrees this is an appropriate sentence.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentenced imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The defendant's behavior poses a danger to the community at large. She was involved in trafficking firearms that were making their way out-of-state and out-of-country. The text messages extracted from her phone are indicative of the extent of her involvement in firearms trafficking. (PSR ¶19.) Individuals from out-of-state (California) were messaging her to purchase firearms. Not only did she agree to do this, but the defendant's response was to inquire as to budget and nature of firearms needed. This indicates the defendant was heavily involved in the trafficking behavior. It is appropriate for this Court to consider the texts and circumstances as a whole when crafting the appropriate sentence for this defendant's criminal behavior.

Based on the specifics of this crime and the defendant's history and characteristics, a sentence of 10 months imprisonment is appropriate. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Additionally, a term of 3 years supervised release is necessary to further deter the defendant from committing future crimes.

For the foregoing reasons, the government respectfully requests this Court impose a sentence of 10 months incarceration on each count, to run concurrent.

///

///

///

Respectfully submitted this 11th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Julie A. Sottosanti*
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
Other means this 11th day of March, 2024, to:

All ECF Participants