GARY M. RESTAINO
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
AZ Bar. No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | 22-CR-01419-JAS-1 |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Tevita Tukimaka Taufa, | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is scheduled for March 18, 2024, before the Honorable U.S. District Court Judge James A. Soto. The United States agrees with the calculations contained in the Presentence Report ("PSR", Doc. 61) and recommends a sentence of 15 months incarceration.

The presentence report ("PSR") accurately calculates the defendant's offense level at 13, accounting for an enhancement pursuant to USSG §2K2.1(b)(1)(B) (number of firearms). (PSR ¶29). The PSR calculation further includes a three-level downward adjustment for acceptance of responsibility. (PSR ⁋ 35-36). The defendant falls into criminal history category I, and his resulting guideline range is 12-18 months incarceration. (PSR p.15). The PSR recommends a sentence of 12 months and one day on each count, to run concurrently. The government believes a sentence in the middle of the range of 15

months is more appropriate.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentenced imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The defendant was trafficking a large quantity of firearms. Twenty-four firearms ended up in the hands of individuals that should not have had access to dangerous weapons because of the defendant's conduct. Five of these weapons were recovered during attempted export to Mexico. (PSR p.16). Had this been successful, they would likely have played a part in violent activities of cartel members. The defendant purchased and transferred another firearm that was later recovered during drug sales. (Id.) Many, many of the other firearms have yet to be recovered. (Id.) In short, the defendant is arming dangerous and illegal activities.

Based on the specifics of this crime and the defendant's history and characteristics, a sentence of 15 months imprisonment is appropriate. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Additionally, a term of 3 years supervised release is necessary to further deter the defendant from committing future crimes.

For the foregoing reasons, the government respectfully requests this Court impose a sentence of 15 months incarceration on each count, to run concurrent.

///

///

///

Respectfully submitted this 12th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Julie A. Sottosanti*
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
Other means this 12th day of March, 2024, to:

All ECF Participants